IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MUVEDDET HARRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTHWESTERN UNIVERSITY, )<br>)<br>Defendant. ) | CASE NO.:<br>**JURY DEMAND** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MUVEDDET HARRIS, by and through her attorneys, DeSANTO MORGAN & TAYLOR, who for her Complaint against the Defendant, NORTHWESTERN UNIVERSITY, alleges as follows:

### NATURE OF ACTION

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of national origin, religion, and retaliation.

### JURISDICTION

2. Federal jurisdiction arises under the provisions of the Civil Rights Act of 1964 Sec. 703 (a)(1) and federal question jurisdiction under 28 U.S.C. § 1331.

### VENUE

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendant is engaged in a business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

1

**PARTIES**

4. At all relevant times, the Plaintiff, MUVEDDET HARRIS, was a resident of Skokie, County of Cook, State of Illinois.

5. At all relevant times, the Defendant, NORTHWESTERN UNIVERSITY, is an educational institution with its primary place of business located in Evanston, County of Cook, State of Illinois.

6. On or about July of 2000, the Plaintiff, MUVEDDET HARRIS, became an employee of the Defendant, NORTHWESTERN UNIVERSITY. The Plaintiff held several positions during her employment with the Defendant.

7. During her employment with the Defendant, NORTHWESTERN UNIVERSITY, the Plaintiff, MUVEDDET HARRIS, was subjected to harassment and disciplinary action based on her national origin and religion.

8. At all relevant times, the Defendant, NORTHWESTERN UNIVERSITY, was aware that the Plaintiff's, MUVEDDET HARRIS, national origin is that of Turkish, and she is a follower of the Muslim religion.

9. During her employment, the Plaintiff, MUVEDDET HARRIS, was subjected to inappropriate verbal comments regarding her religion and national origin.

10. For example, on or about September of 2013, the Plaintiff's, MUVEDDET HARRIS, former supervisor asked her, "What are you?"

11. In September of 2013, the Plaintiff, MUVEDDET HARRIS, began working as an Administrative Coordinator II at the Searle Center for Advanced Learning and Teaching within the Defendant, NORTHWESTERN UNIVERSITY. At that time, the Plaintiff's immediate supervisor was Susana Calkins (hereinafter "Calkins") and her supervisor's supervisor was Greg

Light (hereinafter "Light").

12. On or about June of 2015, Light retired from his position as Director of the Searle Center. At that time, Calkins and Marina Micari (hereinafter "Micari") were named co-interim Directors.

13. Shortly after Calkins and Micari were named co-interim Directors, the Plaintiff, MUVEDDET HARRIS, began experiencing harassment and disciplinary action.

14. For example, on or about March 3, 2016, the Plaintiff, MUVEDDET HARRIS, was suspended for three weeks following allegations that she made threatening remarks.

15. As another example, on or about May 4, 2016, the Plaintiff, MUVEDDET HARRIS, received a negative evaluation from Calkins.

16. On or about August 2016, Bennett Goldberg (hereinafter "Goldberg") was named Director of the Searle Center.

17. After Goldberg was named Director, the Plaintiff, MUVEDDET HARRIS, continued to face harassment and disciplinary actions.

18. In addition, Calkins and Goldberg would continue to make discriminatory comments.

19. For example, the Plaintiff, MUVEDDET HARRIS, alleges that Goldberg said, "I really don't want to work with those Muslims. They are combative."

20. Furthermore, after an attack on a synagogue, Calkins is alleged to have said, "I wonder if its Al-Qaeda, and I wonder if Muveddet Harris was part of it."

21. On or about June of 2018, the Plaintiff, MUVEDDET HARRIS, filed a report with the Office of Equity alleging discrimination and harassment by Calkins, Goldberg, Denise Drane, and Nancy Ruggeri. This complaint was dismissed.

22. On or about June 13, 2019, Calkins gave the Plaintiff, MUVEDDET HARRIS, a performance review rating of "corrective action" despite the Plaintiff's performance being comparable to her non-Muslim and non-Turkish peers.

23. On or about June 25, 2019, the Plaintiff, MUVEDDET HARRIS, filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). A true and accurate copy of the Charge is attached hereto as Exhibit A.

24. On or about July 16, 2019, the Plaintiff, MUVEDDET HARRIS, sent a memo to Calkins asking her to reconsider her rating for her performance review.

25. On or about July 26, 2019, Calkins sent the Plaintiff, MUVEDDET HARRIS, an email advising that she would not reconsider the rating for her performance review.

26. On or about October 16, 2019, Calkins sent the Plaintiff, MUVEDDET HARRIS, a memo advising that the Plaintiff's work performance had not improved since her performance review despite the Plaintiff's performance being comparable to her non-Muslim and non-Turkish peers.

25. On or about December 10, 2019, the Defendant, NORTHWESTERN UNIVERSITY, terminated the Plaintiff's, MUVEDDET HARRIS, employment.

26. The Plaintiff's EEOC Charge was amended to include her discriminatory termination. A true and accurate copy of the Amended Charge is attached hereto as Exhibit B.

26. On or about August 27, 2020, the EEOC issued a Right to Sue letter to the Plaintiff, MUVEDDET HARRIS. A true and accurate copy of the Right to Sue letter is attached hereto as Exhibit C.

## COUNT I - Violation of Title VII of the Civil Rights Act of 1964

27. The Plaintiff, MUVEDDET HARRIS, incorporates and adopts paragraphs 1

4

through 26 as if set forth herein fully as paragraph 27.

28. At all relevant times, there was in effect in the State of Illinois Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

29. During the course of employment, the Plaintiff, MUVEDDET HARRIS, was an "employee" as defined by Title VII.

30. During the course of employment, the Defendant, NORTHWESTERN UNIVERSITY, was an "employer" as that term is defined by the Act. In particular, the Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks, including the Plaintiff, MUVEDDET HARRIS.

31. At all relevant times, the Plaintiff's, MUVEDDET HARRIS, national origin is Turkish, and she is a follower of the Muslim religion.

32. The Defendant, NORTHWESTERN UNIVERSITY, was aware of the Plaintiff's, MUVEDDET HARRIS, national origin and religion.

33. While the Plaintiff, MUVEDDET HARRIS, was employed by the Defendant, NORTHWESTERN UNIVERSITY, she satisfactorily performed her duties with the Defendant.

34. Pursuant to Title VII, it is unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," because of the employee's national origin or religion.

35. In violation of Title VII, the Defendant, NORTHWESTERN UNIVERSITY, discriminated against the Plaintiff, MUVEDDET HARRIS, with respect to her national origin and religion by suspending her from work, issuing negative performance reviews, terminating her employment, and other bases as herein alleged.

36. At all times relevant, the Plaintiff's, non-Muslim and non-Turkish peers were not subjected to negative performance reviews, suspension, disciplinary action, and termination, nor were they subjected to derogatory comments during employment.

37. As a result of the discriminatory conduct of the Defendant, NORTHWESTERN UNIVERSITY, the Plaintiff, MUVEDDET HARRIS, has sustained the following and ongoing damages:

    a. Loss of wages, benefits, and income and ongoing;

    b. Humiliation, embarrassment, and emotional distress damages and ongoing;

    c. Attorneys' fees and costs for the prosecution of this action and ongoing;

    d. Prejudgment interest; and

    e. other losses to be determined.

WHEREFORE, the Plaintiff, MUVEDDET HARRIS, prays for judgment against the Defendant, NORTHWESTERN UNIVERSITY, plus her costs of suit and attorneys' fees.

## COUNT II – Retaliatory Discharge (in the alternative)

38. The Plaintiff, MUVEDDET HARRIS, incorporates and adopts paragraphs 1 through 37 as if set forth herein fully as paragraph 38.

39. On or about June 25, 2019, the Plaintiff, MUVEDDET HARRIS, filed a charge of discrimination with the EEOC.

40. Following the Plaintiff, MUVEDDET HARRIS, filing a charge with the EEOC, the Defendant, NORTHWESTERN UNIVERSITY, terminated the Plaintiff's employment.

41.     The termination of the Plaintiff, MUVEDDET HARRIS, by the Defendant, NORTHWESTERN UNIVERSITY, was motivated by the actions of the Plaintiff when she filed a charge of discrimination with the EEOC.

42.     The Defendant, NORTHWESTERN UNIVERSITY, discharged the Plaintiff, MUVEDDET HARRIS, in retaliation for her activities and the discharge was in contravention of a clearly mandated public policy and in violation of the protected activity of making a complaint regarding discrimination.

43.     At the time of her discharge, it was the intention of the Plaintiff, MUVEDDET HARRIS, to remain employed by the Defendant, NORTHWESTERN UNIVERSITY, indefinitely.

44.     As a direct and proximate result of the conduct of the Defendant, NORTHWESTERN UNIVERSITY, as described above, the Plaintiff, MUVEDDET HARRIS, suffered damages as herein alleged:

    a.     The Plaintiff was terminated from her position;

    b.     The Plaintiff has suffered a loss of earnings and benefits;

    c.     The Plaintiff has suffered a loss of longevity accumulation in procuring alternative employment; and

    d.     The Plaintiff has procured an attorney in order to prepare, investigate, and prosecute this action at great cost and expense to the Plaintiff.

WHEREFORE, the Plaintiff, MUVEDDET HARRIS, prays for judgment against the Defendant, NORTHWESTERN UNIVERSITY, plus her costs of suit and attorneys' fees.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

Diana C. Taylor
Attorney for the Plaintiff

DIANA C. TAYLOR (4994471)
DeSanto Morgan & Taylor (357260)
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100
dtaylor@dmtlawgroup.com

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2019-05674 |
|---|---|---|

Illinois Department Of Human Rights  and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Muveddet D. Harris | (847) 902-2653 | 1970 |

Street Address: 9033 Crawford Avenue, Skokie, IL 60076

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NORTHWESTERN UNIVERSITY | 500 or More | (847) 491-7505 |

Street Address: 627 Dartmouth Place, Evanston, IL 60208

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 06-13-2019
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around July 2000. My current position is Administrative Coordinator II. Respondent is aware of my religion. During my employment, I complained of discrimination. Subsequently, I have been subjected to harassment and disciplinary action.

I believe that I have been discriminated against because of my religion, Muslim, national origin, Turkish, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JUN 26 2019
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

x 06.25.19   x [signature]
Date          Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>AMENDED<br>440-2019-05674 |
|---|---|---|

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Muveddet D. Harris | | 1970 |

Street Address: 9033 Crawford Avenue, Skokie, IL 60076

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NORTHWESTERN UNIVERSITY | 500 or More | (847) 491-7505 |

Street Address: 627 Darmouth Place, Evanston, IL 60208

RECEIVED EEOC
JAN 1 7 2020
CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 12-10-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around July 2000. My most recent position was Administrative Coordinator II. Respondent was aware of my religion. During my employment, I complained of discrimination. Subsequently, I was subjected to harassment and disciplinary action. Subsequent to filing the instant Charge of Discrimination, I was subjected to unreasonable deadlines and performance expectations, increased harassment, and disciplinary action. On or about December 10, 2019, I was discharged.

I believe that I have been discriminated against because of my religion, Muslim, national origin, Turkish, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

x 01.16.20    x [signature] Muveddet Harris
Date           Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Exhibit B

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Muveddet D. Harris<br>c/o Diana C. Taylor, Esq.<br>DESANTO, MORGAN & TAYLOR<br>712 Florsheim Dr<br>Libertyville, IL 60048 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| AMENDED<br>440-2019-05674 | Zachary M. Florent,<br>Investigator | (312) 872-9742 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*      8/27/2020

Julianne Bowman,<br>District Director      *(Date Mailed)*

Enclosures(s)

cc:    **NORTHWESTERN UNIVERSITY**

     c/o Sean Herring, Esq.<br>
     Jackson Lewis, PC<br>
     150 N. Michigan Ave., Suite 2500<br>
     Chicago, IL 60601

Exhibit C

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

## PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

## ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

## DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

# INFORMATION ON WHERE TO FILE SUIT

You have been notified of your right to sue in Federal District Court. Suit is ordinarily filed in the District having jurisdiction of the county in which the employer, against whom you filed a Charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

| U.S. DISTRICT COURT<br>Northern District of Illinois<br>Eastern Division at Chicago<br>219 South Dearborn Street<br>Chicago, IL 60604<br>312-435-5670 | | U.S. DISTRICT COURT<br>Central District of Illinois<br>Urbana Division<br>201 South Vine<br>Urbana, IL 61801<br>217-373-5830 | |
|---|---|---|---|
| Counties | | Counties | |
| Cook | Kendall | Champaign | Kankakee |
| DuPage | Lake | Coles | Macon |
| Grundy | LaSalle | Douglas | Moultrie |
| Kane | Will | Edgar | Piatt |
| | | Ford | Vermillion |
| | | Iroquois | |
| U.S. DISTRICT COURT<br>Northern District of Illinois<br>Western Division at Rockford<br>211 South Court Street<br>Federal Building<br>Rockford, IL 61101<br>815-987-4355 | | Peoria Division<br><br>100 N.E. Monroe Street<br>135 Federal Building<br>Peoria, IL 61602<br>309-671-7117 | |
| Counties | | Counties | |
| Boone | McHenry | Bureau | McLean |
| Carroll | Ogle | Fulton | Peoria |
| DeKalb | Stephenson | Hancock | Putnam |
| JoDaviess | Whiteside | Knox | Stark |
| Lee | Winnebago | Livingston | Tazewell |
| | | Marshall | Woodford |
| | | McDonough | |
| U.S. DISTRICT COURT<br>Southern District of Illinois<br>750 Missouri Avenue<br>East St. Louis, IL 62201<br>618-482-0671<br>*and*<br>301 Main Street<br>Benton, IL 62812<br>618-438-0671 | | Rock Island Division<br>211 19th Street<br>Rock Island, IL 61201<br>309-793-5778 | |
| Counties | | Counties | |
| Alexander | Johnson | Henderson | Rock Island |
| Bond | Lawrence | Henry | Warren |
| Calhoun | Madison | Mercer | |
| Clark | Marion | Springfield Division<br>600 East Monroe Street<br>Springfield, IL 62701<br>217-492-4020 | |
| Clinton | Monroe | | |
| Crawford | Perry | | |
| Cumberland | Pope | | |
| Edwards | Pulaski | | |
| Effingham | Randolph | Counties | |
| Fayette | Richland | Adams | Logan |
| Franklin | St. Clair | Brown | Macoupin |
| Gallatin | Saline | Cass | Mason |
| Hamilton | Union | Christian | Menard |
| Hardin | Wabash | DeWitt | Montgomery |
| Jackson | Washington | Green | Morgan |
| Jasper | Wayne | Pike | Schuyler |
| Jefferson | White | Shelby | |
| Jersey | Williamson | | |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn, Suite 1866
Legal & ADR, Suite 2920
Chicago, IL 60604
PH: (312) 872-9777
TTY: 1-800-669-6820
FILE REVIEWS & ENFORCEMENT FAX: (312) 588-1260

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sylvia Bustos** and either mailed to the address above, faxed to **(312) 588-1260** or sent via email to **sylvia.bustos@eeoc.gov** (please chose only one method, no duplicate requests). **Be sure to include your name, address, phone number and EEOC charge number with your request.**

If you are the Charging Party and a Notice of Right to Sue has been issued, you may be granted access to your file:

- Before filing a lawsuit, but within 90 days of your receipt of the Right to Sue, or
- After your lawsuit has been filed. If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) -**OR**- enough pages to determine whether it was filed based on the EEOC charge.

If you are the ***Respondent*** you may be granted access to the file ***only after*** a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, WILL NOT BE DISCLOSED TO EITHER PARTY.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file, which will be sent to you after receipt of your written request (Statues enforced by the EEOC prohibit the agency from making investigative information public).

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office by a requester.

Your file will be copied by **Aloha Print Group**. You are responsible for copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, **it is recommended that you first review your file** to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, **and you will be responsible for the cost**. Payment must be made directly to Aloha Print Group, which charges 15 cents per page, plus a fee for shipping via FedEx.

(Revised 11/19/2019)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn
Suite 1866 (Enforcement, State and Local & Hearings)
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Chicago Direct Dial: (312) 872-9777
Administration Fax: (312) 588-1255
Enforcement/File Disclosure Fax: (312) 588-1260
Federal Sector Fax: (312) 588-1265
Intake FAX: (312) 588-1286
Legal Fax: (312) 588-1494
Mediation Fax: (312) 588-1498
Website: www.eeoc.gov

Dear Sir/Madam:

Recently, during the COVID-19 pandemic, the Investigator assigned to your charge discussed your allegations with you over the telephone and indicated that a recommendation was being made to management concerning your charge. You were invited to provide any additional information you might have concerning your allegations.

This letter is to advise you that management has considered the Investigator's recommendation, along with any additional information you may have submitted. Your charge is now being dismissed, and you are being issued a Notice of Right to Sue. The enclosed document entitled "Dismissal and Notice of Rights" explains that, should you wish to pursue the matter in court, *you must file suit within 90 days of your receipt of the enclosed Notice of Right to Sue.*

Your charge has been dismissed, because it is our judgment that EEOC cannot prove your allegations given the evidence provided through the course of this investigation. The evidence obtained to date, in addition to our limited resources, does not justify further investigation.

An information sheet is enclosed which describes how you can obtain a copy of your EEOC file and how you can file a lawsuit, should you wish to pursue your claim in court. If you have questions or concerns, you can reach your EEOC Representative listed on your Notice of Right to Sue at the number listed.

Enclosures